IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Corning Incorporated<br>One Riverfront Plaza<br>Corning, NY 14831<br><br>　　　　　Plaintiff (Complainant),<br><br>　v.<br><br>Caihong Display Devices Co., Ltd.<br>Area A, China-Korea Industrial Park<br>Qindu District, Xianyang City<br>Shaanxi Province, 712023, China<br>Tel.: +86 029-33132653<br><br>Xianyang CaiHong Optoelectronics<br>Technology Co., Ltd.<br>No. 1, Gaoke Yilu<br>Qindu District, Xianyang City<br>Shaanxi Province, 71200, China<br>Tel.: +86 029-33132878<br><br>　　　　　Defendant (Respondents). | Case: 1:25−mc−00100<br>Assigned To : Walton, Reggie B.<br>Assign. Date : 6/16/2025<br>Description: Civ. Misc<br><br>Civil Action No. Misc._____ |

**RESPONDENTS' MOTION SEEKING THE ISSUANCE OF A LETTER ROGATORY TO AGC INC.**

Respondents Caihong Display Devices Co., Ltd. ("Caihong Display") and Xianyang CaiHong Optoelectronics Technology Co., Ltd. ("CHOT") (collectively, "Respondents") are Respondents in *Certain Glass Substrates for Liquid Crystal Displays, Products Containing the Same, and Methods for Manufacturing the Same II*, Investigation No. 337-TA-1441 ("the Investigation") before the International Trade Commission ("the ITC" or "the Commission"). Respondents hereby respectfully move for this Court to issue, under its seal and signature, the attached Request for International Judicial Assistance ("Letter Rogatory").

The Letter Rogatory seeks foreign discovery from AGC Inc. ("AGC"), an entity located in



**RECEIVED**
JUN 16 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Japan. As explained in more detail in the accompanying memorandum, AGC is in possession of evidence that is highly relevant to this Investigation, including information relevant to Corning Incorporated's patent infringement claims and Respondents' defenses thereto, including without limitation patent invalidity, patent misuse, patent tying, and unclean hands. Moreover, the evidence sought is in Japan, which is beyond the Commission's subpoena powers, and it cannot be obtained by alternative means.

Respondents moved in the ITC for the Administrative Law Judge to recommend that this Court issue a Letter Rogatory on behalf of Respondents to obtain discovery from AGC. Administrative Law Judge Bryan F. Moore, who presides over this Investigation, granted Respondents' motion on June 10, 2025. Administrative Law Judge Moore's recommendation that this Court issue the Letter Rogatory at issue in this Motion is attached (Exhibit 1). Additionally, given the deadlines in the Investigation, Administrative Law Judge Moore requests that the Court expedite the issuance of the Letter Rogatory. None of the parties to the Investigation opposed Respondents' motion requesting that Administrative Law Judge Moore issue the attached recommendation.

For the foregoing reasons, which are set forth more fully in the accompanying memorandum, Respondents respectfully request that the Court assign a Judge to this matter and issue the Letter Rogatory and its certified Japanese translation (Exhibits 2 & 3) as soon as the Court deems appropriate.

Dated: June 16, 2025                                Respectfully Submitted,


                                                    /s/ Stephen R. Smith
                                                    Stephen R. Smith
                                                    **COOLEY LLP**
                                                    1299 Pennsylvania Avenue NW, Suite 700
                                                    Washington, DC 20004-2400
                                                    Telephone:      +1 202 842 7800
                                                    Facsimile:       +1 202 842 7899

                                                    *Counsel for Defendants (Respondents)
                                                    Caihong Display Devices Co., Ltd. and
                                                    Xianyang CaiHong Optoelectronics
                                                    Technology Co., Ltd.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Corning Incorporated
One Riverfront Plaza
Corning, NY 14831

        Plaintiff (Complainant),

v.

Caihong Display Devices Co., Ltd.
Area A, China-Korea Industrial Park
Qindu District, Xianyang City
Shaanxi Province, 712023, China
Tel.: +86 029-33132653

Xianyang CaiHong Optoelectronics
Technology Co., Ltd.
No. 1, Gaoke Yilu
Qindu District, Xianyang City
Shaanxi Province, 71200, China
Tel.: +86 029-33132878

        Defendant (Respondents).

Civil Action No. Misc._____

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONDENTS' MOTION SEEKING THE ISSUANCE OF A LETTER ROGATORY TO AGC INC.

Respondents Caihong Display Devices Co., Ltd. ("Caihong Display") and Xianyang CaiHong Optoelectronics Technology Co., Ltd. ("CHOT") (collectively, "Respondents") seek from this Court the issuance of the attached Request for International Judicial Assistance ("Letter Rogatory"). Specifically, Respondents request that this Court grant this Motion, execute the attached Letter Rogatory, and return the executed Letter Rogatory to Respondents.

**I.    BACKGROUND**

The name of the proceeding for which the discovery is requested is *In the Matter of Certain*

*Glass Substrates for Liquid Crystal Displays, Products Containing the Same, and Methods for Manufacturing the Same II*, Investigation No. 337-TA-1441 ("the Investigation").

The Investigation is an administrative proceeding conducted by the United States International Trade Commission ("the ITC") under Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337 ("Section 337"), based on a Complaint filed by Corning Incorporated ("Complainant" or "Corning") on January 31, 2025 against Caihong Display, CHOT, Hisense USA Corporation, HKC Corporation Ltd., HKC Overseas Ltd., LG Electronics U.S.A., Inc., TCL China Star Optoelectronics Technology Co., Ltd., TTE Technology, Inc., and VIZIO, Inc. *See* , Compl., *Certain Glass Substrates for Liquid Crystal Displays, Prods. Containing the Same, & Methods for Mfg. the Same II* (Jan. 31, 2025), EDIS Doc. ID 842345 ("the Complaint"). Section 337 prohibits importing goods into the United States for which unfair methods of competition or unfair acts have been used. Complainant filed two supplements to the Complaint on January 31, 2025 and February 21, 2025.

The Complaint alleges patent infringement of U.S. Patent Nos. 7,851,394 ("the '394 patent"), 8,640,498 ("the '498 patent"), and 8,642,491 ("the '491 patent") (collectively, "Asserted Patents"). The Complaint further alleges that the respondents to the Investigation manufacture, sell for importation, import, and/or sell after importation articles containing accused products, which include certain glass substrates for liquid crystal displays and products containing the same. The relief sought by Corning Incorporated is an exclusion order barring the importation into, sale for importation into, and sale within the U.S. of the accused products and a cease and desist order directing each respondent to cease and desist from importing, marketing, advertising, demonstrating, warehousing inventory for distribution, offering for sale, selling, distributing, repairing, servicing, testing, licensing, or using the accused products.

Respondents allege that the Asserted Patents are (a) not infringed; and (b) invalid and/or unenforceable under at least 35 U.S.C. §§ 102, 103, and/or 112. *See* Resp. to Compl., *Certain Glass Substrates for Liquid Crystal Displays, Prods. Containing the Same, & Methods for Mfg. the Same II* (April 25, 2025), EDIS Doc. ID 849766 and 849758. Respondents also assert other defenses, including without limitation, that the Complainant's claims and/or defenses are barred by the doctrines of patent misuse, patent tying, and unclean hands. *Id.* Thus, among the subject areas to be explored during discovery in the Investigation are Complainant's attempts to suppress and intimidate competition through intellectual property litigation, and otherwise unreasonable and anticompetitive negotiations, agreements, conditions, and/or restrictions, as well as documents and information related to knowledge of prior art.

The ITC instituted the Investigation with publication of the Notice of Investigation in the Federal Register. *See* 90 Fed. Reg. 11549 (Mar. 7, 2025). Upon institution, the Investigation was assigned to Administrative Law Judge Bryan F. Moore to preside over prehearing matters, conduct an evidentiary hearing, and issue an initial determination on the merits. The initial determination is subject to possible review by the ITC, with a right to appeal to the United States Court of Appeals for the Federal Circuit. On June 6, 2025, Respondents filed a motion seeking the recommendation of the Administrative Law Judge to this Court to issue the attached Letter Rogatory (Exhibit 2). None of the parties to the Investigation opposed Respondents' motion requesting that Administrative Law Judge Moore issue the attached recommendation (Exhibit 1). On June 10, 2025, Administrative Law Judge Moore granted the order with respect to the attached Letter Rogatory.

**II.   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA HAS THE AUTHORITY TO ISSUE LETTERS ROGATORY**

Letters rogatory is the appropriate method of gathering necessary evidence—whether

documents or testimony—in a foreign country, like Japan, that is not a party to The Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters. *See* 22 C.F.R. § 92.54; 28 U.S.C. § 1651; U.S. DEP'T OF STATE, *Judicial Assistance Country Information for Japan*, Travel.State.Gov (last visited June 13, 2025), https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Japan.html. Accordingly, "[r]equests to obtain evidence in Japan in civil and commercial matters are governed by the U.S. - Japan bilateral Consular Convention of 1963, customary international law and the practice of nations, applicable U.S. and local Japanese law and regulations, and the Vienna Convention on Consular Relations (regarding transmittal of letters rogatory)." *See* U.S. DEP'T OF STATE, *Judicial Assistance Country Information for Japan*, Travel.State.Gov (last visited June 13, 2025), https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Japan.html. Moreover, Rule 28(b) of the Federal Rules of Civil Procedure contemplates gathering evidence through a deposition in a foreign country pursuant to a properly issued and appropriate letters rogatory. *See* FED. R. CIV. P. 28(b) ("A deposition may be taken in a foreign country … (B) under a … 'letter rogatory' … on appropriate terms after an application and notice of it"). 28 U.S.C. § 178 l(b)(2) authorizes a federal court to transmit directly such letters rogatory to a foreign judicial authority. *See also* 28 U.S.C. § 1651.

In administrative cases, a district court may issue letters rogatory, such as this Letter Rogatory, under the All Writs Act, 28 U.S.C. § 1651, at the request of an Administrative Law Judge. *See, e.g.,* Order at 1, *Infineon Techs. Austria AG et al. v. Innoscience (Suzhou) Tech. Holding Co., Ltd. et al.*, 1:24-mc-00160-LLA (D.D.C. Dec. 9, 2024), ECF No. 3; Order at 2, *Philips Lighting N. Am. Corp. et al. v. Feit Elec. Co., Inc. et al.*, 1:18-mc-00018-TJK (D.D.C. Mar.

20, 2018), ECF No. 5.

**III.     THE EVIDENCE THAT RESPONDENTS SEEK IS HIGHLY RELEVANT, NARROWLY TAILORED, UNOBTAINABLE WITHOUT THE ASSISTANCE OF THE FOREIGN COURTS, AND WOULD BE SUBJECT TO THE PROTECTIVE ORDER**

The issuance of the attached Letter Rogatory is necessary for several reasons. First, the documents and deposition testimony sought in the Letter Rogatory is highly relevant to the Investigation with respect to Respondents' patent misuse, patent tying, unclean hands, and patent invalidity defenses. Respondents seek foreign discovery from AGC because Respondents believe that AGC is in possession of this highly relevant information.

AGC is an LCD glass substrate manufacturer.[1] AGC uses a float glass process to manufacture glass, whereas Corning uses a fusion draw process.[2] Corning has previously initiated litigation against AGC for intellectual property related to strengthened cover glass technology.[3] Respondents believe that AGC was and/or is subject to Corning's attempts to suppress and intimidate competition by litigation, and thus, anticompetitive activities. Information of Corning's anticompetitive activities, including information relating to litigation by Corning and agreements, proposals, or negotiations between Corning and AGC, as well as information regarding AGC's LCD glass market share and sales is directly relevant to Respondents' patent misuse, patent tying, and unclean hands defenses. Moreover, as stated on its website, AGC began producing float glass

---

[1] *Group Companies*, AGC (last visited June 13, 2025), https://www.agc.com/en/company/group/america.html; *Business Overview*, AGC (last visited June 13, 2025), https://www.agc.com/en/company/business/index.html.
[2] *See* Compl. ¶34, n.6; *see also Flat Glass Manufacturing Process*, AGC (last visited June 13, 2025), https://agc-electronics.com/en/specialty-glass/blog/detail/how-is-glass-made#case03.
[3] *See Yulchon Achieved a Significant Victory On Behalf of Corning Inc.*, YULCHON LLC (Apr. 13, 2023), https ://yulchon.com/zh/resources/deals-and-cases-view/35510/page.do.

in 1966 and glass substrates for TFT-LCDs in 1995.[4] AGC's history with glass manufacturing suggests that it likely possesses information related to prior art, which is relevant to Respondents' patent invalidity defense. AGC may therefore possess relevant information and documents with respect to at least Respondents' unclean hands, patent misuse, patent tying, and patent invalidity defenses. Accordingly, Respondents seek documentation and information that AGC possesses regarding Complainant's attempts to suppress and intimidate competition through intellectual property litigation, otherwise unreasonable and anticompetitive negotiations, agreements, conditions, and/or restrictions, and AGC's LCD glass market share and sales, as well as documentation and information related to prior art.

Second, the Letter Rogatory is narrowly tailored to seek documents and deposition testimony that will provide evidence regarding at least Respondents' patent misuse, patent tying, unclean hands, and patent invalidity defenses. Specifically, the Letter Rogatory seeks documents and testimony from AGC relating to Corning's attempts to suppress and intimidate competition through intellectual property litigation, and otherwise unreasonable and anticompetitive negotiations, agreements, conditions, and/or restrictions, as well as information relating to prior art.

Third, the requested information is in Japan, which is beyond the Commission's subpoena powers, and it cannot be obtained by alternative means. While Respondents have also requested documents and deposition testimony from its U.S. subsidiary and regional headquarters, AGC America, Inc. ("AGC America"), Respondents seek this Letter Rogatory due to the uncertainty of whether AGC America possesses and will produce all of the requested information. AGC's head

---

[4] *See Our Story*, AGC (last visited June 13, 2025), https://www.agc.com/en/company/history/index.html.

office is in Japan.[5] Therefore, Respondents believe that AGC is likely to be the most knowledgeable and possess the most relevant information and documents requested in the Letter Rogatory. In case AGC America cannot provide all of the documents and knowledgeable persons required for a full and fair hearing in this Investigation, Respondents request that the Letter Rogatory be issued. Should AGC America have in its possession and actually produce the requested information, Respondents will withdraw the Letter Rogatory as to AGC.

Fourth, any documents and testimony provided pursuant to the Letter Rogatory would be subject to the Protective Order to the Investigation (Exhibit 2, Attachment C), ensuring that AGC's interests are adequately protected.

## IV.  CONCLUSION

For the foregoing reasons, Respondents respectfully request that this Court issue Respondents' Letter Rogatory in the form attached hereto as Exhibit 2, in accordance with the recommendation of the Administrative Law Judge presiding over the ITC Investigation.

Dated: June 16, 2025                                                  Respectfully Submitted,

                                                                                            */s/ Stephen R. Smith*
                                                                                            Stephen R. Smith
                                                                                            **COOLEY LLP**
                                                                                            1299 Pennsylvania Avenue NW, Suite 700
                                                                                            Washington, DC 20004-2400
                                                                                            Telephone:    +1 202 842 7800
                                                                                            Facsimile:     +1 202 842 7899
                                                                                            *Counsel for Defendants (Respondents)*
                                                                                            *Caihong Display Devices Co., Ltd. and*
                                                                                            *Xianyang CaiHong Optoelectronics*
                                                                                            *Technology Co., Ltd.*

---

[5] *See Corporate Information and Business Sites*, AGC (last visited June 13, 2025), https://www.agc.com/en/company/profile/index.html.